UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

In re  
Gary J. Ambrosius,  
          Debtor.

Chapter 13  
Case No. 11-24471-svk

**DECISION ON UNITED STATES OF AMERICA'S MOTION TO DISMISS CASE**

The United States of America, acting through the Internal Revenue Service ("IRS"), moved to dismiss this Chapter 13 case under 11 U.S.C. § 1307(c)(6). The IRS claims that Gary Ambrosius (the "Debtor") defaulted on a material term of the plan by failing to pay his post-petition taxes. The Debtor concedes that he owes the taxes but disagrees that nonpayment is cause for dismissal of his case.

The self-employed Debtor filed his bankruptcy petition on March 31, 2011, estimating $2,500 of income tax liability per month. (ECF No. 1, at 11, 24.) The IRS filed a claim in the total amount of $72,452.10 for income taxes, interest and penalties from 2008, 2009 and 2010. The Debtor's plan, confirmed on June 10, 2011, provided for payment of 100% of the IRS claim. After confirmation, the IRS amended its claim three times to add the Debtor's unpaid 2011, 2012, and 2013 income taxes. In its motion to dismiss, the IRS notes that the Debtor owes $32,235.83 in 2014 taxes, but the claim has not been amended to include this amount. (ECF No. 28, at 2.)

The Court held a hearing on August 4, 2015 and took the matter under advisement. This decision constitutes the Court's findings of fact and conclusions of law.

Bankruptcy Code § 1307(c)(6) permits dismissal for a material default by the Debtor with respect to a term of the confirmed plan. The IRS argues that the Debtor has defaulted on a

material term of the plan because he has failed to "make estimated payments on his self-employment income throughout the length of the plan as listed in Schedule J." (*Id*.) Paying post-petition taxes, however, is not a term of the plan. (*See* ECF Nos. 3, 13.)

The language of the plan determines the treatment of post-petition claims. "The Bankruptcy Code is generally intended to affect only those claims which arise prior to the commencement of the case." *In re Glover*, 107 B.R. 579, 580 (Bankr. S.D. Ohio 1989). One exception to this principle is § 1322(b)(6) which states that, "the plan *may* . . . provide for payment of all or any part of any claim allowed under § 1305." 11 U.S.C. § 1322(b)(6) (emphasis added). Section 1305 gives certain post-petition creditors an opportunity to file claims that are treated as if they arose prior to the petition. Filing a § 1305 claim is discretionary not mandatory. *See In re Sims*, 288 B.R. 264 (Bankr. M.D. Ala. 2003) (post-petition creditors could elect to file claims to be paid through plan; debtor's plan modification to treat unfiled post-petition claims not permissible).

Just as a post-petition creditor is not required to participate in the debtor's case by filing a § 1305 claim, the debtor is not required to pay any § 1305 claims that are filed, because the language of § 1322(b)(6) is equally as permissive as § 1305. *See In re Hight*, 426 B.R. 258, 260 (Bankr. W.D. Mich. 2010) ("Therefore, it is Ms. Hight's plan, not Section 1305, that ultimately determines how postpetition claims are to be administered in her case.") While it may be in the debtor's best interest to do so, § 1322(b)(6) does not require the debtor to provide for the payment of post-petition claims in the original plan nor does it require a debtor to modify the plan to provide for these claims. Here, neither the Debtor's plan nor any modification calls for payment of § 1305 claims. The IRS notes in its motion that pursuant to 28 U.S.C. § 960, officers and agents conducting any business under the authority of the court are required to pay all taxes

2

on or before the due date. While the Court agrees that the Debtor is liable for post-petition taxes, payment of those taxes through the plan is not mandated by 28 U.S.C. § 960.

At the hearing, the attorney for the IRS cited three cases in support of the motion: *In re Maxfield*, 2009 WL 2105953 (Bankr. N.D. Ind. 2009); *In re King*, 217 B.R. 623 (Bankr. S.D. Cal. 1998) and *In re Owens*, 2010 WL 730717 (Bankr. E.D.N.C. 2010). Only *King* bolsters the IRS arguments, and that case is distinguishable.

In *Maxfield,* the IRS argued that a debtor acted in bad faith by failing to pay post-petition taxes. 2009 WL 2105953 at *5. The IRS had not filed a § 1305 claim, and the plan had no provision for the payment of post-petition taxes pursuant to § 1322(b)(6), which the court noted was discretionary with the debtor. *Id*. After surveying a number of cases, the court held that failure to pay post-petition taxes is not *per se* sufficient grounds to dismiss a case for bad faith. *Id.* at *7.

The debtor in *Owens* had completed her plan payments and was awaiting a discharge when the IRS filed a § 1305 claim for post-petition taxes. The court noted the inequity of dismissing the case under these circumstances, and that given the nondischargeable nature of the post-petition taxes, there was no prejudice to the IRS by not requiring the dismissal. 2010 WL 730717 at *2. In fact, the court pointed out that because the debtor would receive a discharge from other debt, the debtor should have more resources to pay the post-petition taxes after the completion of the case. *Id.*

In *King*, the plan expressly stated, "All other section 1322(a) and section 1305(a)(1) claims allowed shall be paid in full." 217 B.R. at 625 n.2. When the debtor failed to pay the claims, the court granted the motion to dismiss. But the plan in this case does not provide for payment of post-petition claims. Therefore the failure to pay the § 1305 claims does not violate

3

the Debtor's plan.  *King* is distinguishable and does not support the dismissal of the Debtor's case.

In summary, since the Debtor's plan could, but does not, provide for payment of the post-petition IRS claims, there is no violation of the confirmed plan for the Debtor's failure to pay them.  As the Debtor remains fully liable for the post-petition taxes, the IRS may pursue its collection remedies (subject to the automatic stay), and when the Debtor receives a discharge of his other debt, the IRS will be in an even better position to collect its post-petition taxes.  The Court will enter a separate Order denying the motion to dismiss.

Dated: August 17, 2015

By the Court:

*Susan Kelley*
Susan V. Kelley
Chief U.S. Bankruptcy Judge